| fromFill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF NEVADA |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **CAI Reno Hotel Partners LLC** |
|---|---|---|
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **84-3499635** |
| 4. | Debtor's address | **Principal place of business**<br><br>**9325 West Sahara Ave**<br>**Las Vegas, NV 89117**<br>Number, Street, City, State & ZIP Code<br><br>**Clark**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>**Real property located at 0 Island Avenue and 200, 219 and 223 Court Street, Reno, Nevada 89501**<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | |
| 6. | Type of debtor | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **CAI Reno Hotel Partners LLC**　　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

　　**5311**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☑ No.
- ☐ Yes.

District _____　　When _____　　Case number _____
District _____　　When _____　　Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☑ No
- ☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____　　　　　　　　　　　　　　Relationship _____
District _____　　When _____　　Case number, if known _____

Official Form 201　　　　　　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　　　　　　page 2

Debtor  **CAI Reno Hotel Partners LLC**    Case number (*if known*) _____
　　　　Name

| 11. | Why is the case filed in *this district*? | Check all that apply: |
|---|---|---|
| | | ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☑ No |
|---|---|---|
| | | ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | Check one: |
|---|---|---|
| | | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☑ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☑ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | CAI Reno Hotel Partners LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **October 29, 2024**
MM / DD / YYYY

X **/s/ Keighley Mahoney-Keough**                **Keighley Mahoney-Keough**
Signature of authorized representative of debtor     Printed name

Title **Manager**

**18. Signature of attorney**

X **/s/ Candace C. Carlyon**                Date **October 29, 2024**
Signature of attorney for debtor                MM / DD / YYYY

**Candace C. Carlyon**
Printed name

**Carlyon Cica Chtd.**
Firm name

**265 E. Warm Springs**
**Suite 107**
**Las Vegas, NV 89119**
Number, Street, City, State & ZIP Code

Contact phone **702-685-4444**    Email address **ccarlyon@carlyoncica.com**

**2666 NV**
Bar number and State

**UNANIMOUS WRITTEN CONSENT OF THE
MANAGER AND MAJORITY-IN-INTEREST OF MEMBERS
OF CAI RENO HOTEL PARTNERS, LLC,
a Nevada Limited Liability Company**

Effective as of October 29, 2024

The undersigned, being the sole manager and majority-in-interest of members of CAI Reno Hotel Partners, LLC, a Nevada limited liability company (the "Company") do hereby consent to, adopt, approve, ratify, and confirm by written consent to, in each case pursuant to, and in accordance with the provisions of the Operating Agreement as such may have been amended from time-to-time and Chapter 86 of the Nevada Revised Statutes, the following resolutions and authorize the taking of all actions contemplated hereby:

WHEREAS, the undersigned have considered the current financial condition and operational aspects of the Company's business and the unwillingness of the lender to further extend the pending foreclosure sale date of October 30, 2024;

WHEREAS, the undersigned have explored the strategic alternatives available to the Company and the impact of the foregoing on the Company's business and its stakeholders.

NOW, THEREFORE, BE IT RESOLVED that in the judgment of the undersigned, it is desirable and in the best interests of the Company, its creditors, employees, and other stakeholders that a petition (the "Bankruptcy Petition") be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

RESOLVED FURTHER, that Keighley Mahoney-Keough (the "Authorized Signatory"), be, and hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Authorized Signatory deems necessary, desirable and proper in connection with the Company's chapter 11 case (the "Bankruptcy Case"), with a view to the successful prosecution of such case.

RESOLVED FURTHER, that the Authorized Signatory, on behalf of the Company, is authorized, empowered and directed to retain the law firm of Greenberg Glusker Fields Claman & Machtinger LLP ("Greenberg Glusker") as bankruptcy counsel to represent and assist the Company in the Bankruptcy Case in carrying out its duties under the Bankruptcy Code, and the Authorized Signatory is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to, and immediately upon the filing of the Bankruptcy Petition, and to cause to be filed in the Bankruptcy Case an appropriate application for authority to retain the services of Greenberg Glusker and any further documents, as appropriate, regarding the retention of Greenberg Glusker's services.

RESOLVED FURTHER, that the Authorized Signatory, on behalf of the Company, is authorized, empowered and directed to retain the law firm of Carlyon Cica CHTD. ("Carlyon Cica") as local bankruptcy counsel to represent and assist the Company in the Bankruptcy Case in carrying out its duties under the Bankruptcy Code, and the Authorized Signatory is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to, and immediately upon the filing of the Bankruptcy Petition, and to cause to be filed in the Bankruptcy Case an appropriate application for authority to retain the services of Carlyon Cica and any further documents, as appropriate, regarding the retention of Carlyon Cica's services.

RESOLVED FURTHER, that the Authorized Signatory of the Company be, and hereby is, authorized and directed to retain, engage, employ or consult with any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code, and execute any document, instrument or agreement in connection therewith.

RESOLVED FURTHER, that the Authorized Signatory be, and hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Authorized Signatory to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Bankruptcy Case.

RESOLVED FURTHER, that any and all actions heretofore taken by any Authorized Signatory in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*(Signature page follows.)*

IN WITNESS WHEREOF, the undersigned have duly executed this instrument as of the date first above written.

**MANAGER:**

_____
KEIGHLEY MAHONEY-KEOUGH


**MAJORITY-IN-INTEREST OF MEMBERS:**

CAI RENO HOTEL OZ FUND, LLC, a Nevada limited liability company

By: _____
Name: Keighley Mahoney-Keough
Its: Manager


**AUTHORIZED SIGNATORY:**

_____
KEIGHLEY MAHONEY-KEOUGH